# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| FIFTH THIRD BANK, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KC II INSURE SERVICES, LLC, )<br>et al., )<br>)<br>Defendants. ) | Case No. 11-CV-2101 CM/DJW |

## **MEMORANDUM AND ORDER**

Plaintiff has filed a Motion to Compel Discovery Responses (ECF No. 32). It requests that the Court find Defendants have waived all their objections to Plaintiff's First Interrogatories and Requests for Production of Documents based upon their failure to timely serve them with 30 days. It further requests that Defendants be compelled to organize and label responsive documents by category of request and specify what documents contain answers to the interrogatories. This requires the Court to determine whether Defendants, whose business operations have ceased, can respond to a document production request by referring Plaintiff to documents boxed up and stored in a warehouse, as permitted under Fed. R. Civ. P. 34(b)(2)(E)(i). As discussed in more detail below, the Court finds that Defendants' excuse that their counsel was defending three other cases at the time the discovery responses were due and had agreements to extend the time for some of them does not constitute good cause to excuse their untimeliness. Defendants have thus waived all their objections to the interrogatories and requests for production by their failure to timely serve them. The Court further finds that Defendants cannot refer Plaintiff to documents boxed up and stored in a warehouse, because

they have not shown that the way in which the documents are kept in storage is the same as how they were kept while the business was operational. Plaintiff's motion is GRANTED.

## I. Background Facts

Plaintiff served its First Set of Interrogatories to Defendants and its First Request for Production of Documents to Defendants on April 28, 2011.[1]  After no responses were not received within thirty days, Plaintiff's counsel sent a letter to Defendants' counsel on June 6, 2011, asking that Defendants provide all responsive documents and sworn answers to the interrogatories within ten days. Defendants served their answers to the interrogatories and responses to the requests on June 24, 2011.[2]

For Interrogatory Nos. 4, and 6 through 8, Defendants answered that "[a]ll such documents necessary to answer this interrogatory in whatever form defendants have them will be produced at a date and time reasonable to all parties."[3] Defendants' response to Request Nos. 1 through 33 was: "Any such documents in defendant's possession will be produced at a date and time reasonable for all parties."[4]

Plaintiff's counsel sent a letter dated June 27, 2011 to Defendants' counsel, inviting reconsideration and supplementation of several of Defendants' answers and responses to the discovery requests. At some point during the parties' conferring efforts, counsel for Defendants informed Plaintiff that the requested documents were located in a storage facility, somewhere in

---

[1] *See* Pl.'s Notice of Service (ECF No. 24).

[2] *See* Defs.' Notice of Service (ECF No. 31).

[3] *Id.*

[4] Ex. C to Pl.'s Mot. to Compel (ECF No. 32-3).

No

an unknown (but large) number of boxes, along with Defendants' other records. In an email dated July 12, 2011, counsel for Plaintiff informed Defendants' counsel that this response was insufficient and Plaintiff should not be compelled to undertake the cost of sifting through the boxes in storage to find the specific documents requested. After hearing no further response from Defendants' counsel, Plaintiff filed the instant motion to compel discovery responses.

## II. Waiver of Defendants' Objections to Plaintiff's Interrogatories and Requests for Production

Plaintiff first argues that Defendants waived their objections to the First Interrogatories and Requests for Production by failing to timely serve their responses and objections to the discovery requests. Defendants admit the objections were not timely, but seek the Court's leave to have their objections decided on their merits for "good cause shown."

Under Fed. R. Civ. P. 33(b)(2), a party responding to interrogatories "must serve its answers and any objections within 30 days after being served with the interrogatories." Rule 34(b)(2)(A) likewise requires that a party responding to a request for production of documents "must respond in writing within 30 days after being served." Rule 33(b)(4) further provides that "[a]ny grounds not stated in a timely objection is waived unless the court, for good cause, excuses the failure."[5] The same standard applies to requests for production under Fed. R. Civ. P. 34.[6]

---

[5] Fed. R. Civ. P. 33(b)(4).

[6] *See Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 303 (D. Kan. 1996) ("Although Fed. R. Civ. P. 34, governing production of documents and things, provides no similar language with respect to specificity and waiver of objections, no reason exists to distinguish between interrogatories and requests for production"). *See also* Fed. R. Civ. P. 34(b) advisory committee's note (1970 Am.) ("The procedure provided in Rule 34 is essentially the same as that in Rule 33, as amended, and the discussion in the note appended to that rule is relevant to Rule 34 as well.").

Under the 30-day deadlines set forth in Rules 33 and 34, Defendants' answers, responses, and objections to Plaintiff's First Set of Interrogatories and Requests for Production of Documents are untimely.  Plaintiff served its First Set of Interrogatories and Requests for Production of Documents upon Defendants on April 28, 2011.  Defendants' deadline for serving their answers, responses, and objections to these interrogatories and requests for production was 30 days later.[7] Defendants did not serve their answers, responses, and objections until June 24, 2011, well after their 30-day deadline. Consequently, Defendants have waived all their objections to Plaintiff's First Set of Interrogatories and Requests for Production by their failure to timely serve them, unless Defendants show that their failure should be excused for good cause.[8]

Defendants admit that their discovery responses are untimely, but ask the Court's leave to have their objections decided on the merits for "good cause shown."  They state that their counsel is currently defending three cases with Plaintiff's counsel.  Each of these three cases has similar interrogatories, requests for production, and requests for admission. Defendants had agreements to extend the time to respond to some of the discovery requests in the three cases.

In determining whether Defendants have shown good cause, the Court looks to other cases in this District in which a party asserted that it had good cause for its failure to timely serve

---

[7]*See* Fed. R. Civ. P. 33(b)(2) ("The responding party must serve its answers and any objections within 30 days after being served with the interrogatories); Fed. R. Civ. P. 34(b)(2)(A) ("The party to whom the request is directed must respond in writing within 30 days after being served.").

[8]Fed. R. Civ. P. 33(b)(4). *See also Ice Corp. v. Hamilton Sundstrand Corp.,* No. 05-4135-JAR, 2007 WL 1742163, at *2 (D. Kan. May 24, 2007) (noting that case law from the District of Kansas has applied both the waiver rule and the good cause provision of Rule 33(b)(4) to requests for production governed by Rule 34).

discovery objections.  In *A.H. ex rel. Hohe v. Knowledge Learning Corp.*,[9] this Court found the defendant had established good cause for relief from waiver of its untimely-asserted objections. In that case, the defendant demonstrated that it had a good faith belief that the plaintiff had agreed to extend the time to respond to the requests for production, which implicitly included the right to assert objections.  Similarly, in *Hammond v. Lowe's Home Centers, Inc.*,[10] the court excused the defendant's untimely objections based upon the fact that neither party had strictly complied with the discovery deadlines.  In that case, the defendant asserted that it had cooperated with the plaintiffs with respect to discovery in good faith, and worked extensively with opposing counsel to cooperatively exchange discovery information in this case without strict adherence to time limitations.[11]  In contrast, the court in *Farha v. Idbeis*[12] found that counsel's carelessness when transferring pending discovery requests to a new attorney did not constitute good cause or excusable neglect for purposes of Fed. R. Civ. P. 33(b)(2).

Here, Defendants assert that their counsel was defending three cases with Plaintiff's counsel at the time the discovery responses were due and had agreements on some of these to extend the time to respond to discovery requests.  This suggests that the untimely objections are due solely to the carelessness of Defendants' counsel, rather in reliance on the opposing party's statements or actions.  Unlike the reasons asserted in *Hohe* and *Hammond*, these asserted reasons do not rise to a showing of "good cause" sufficient to excuse the untimely objections.

---

[9]No. 09-2517-DJW, 2010 WL 4117508, at *3 (D. Kan. Oct. 19, 2010).

[10]216 F.R.D. 666, 670 (D. Kan. 2003).

[11]*Id.* at 669.

[12]No. 09-1059-JTM, 2010 WL 3168146, at *5 (D. Kan. Aug. 10, 2010).

Defendants' excuse that its counsel was defending two other cases with the same Plaintiff's counsel and had agreements for extensions of time on some of the discovery responses appear analogous to the types of attorney carelessness excuses offered and rejected by the court in the *Farha* case.

Because Defendants' objections are untimely and they fail to show good cause to excuse their untimeliness, their objections to Plaintiff's First Set of Interrogatories and Requests for Production of Documents are waived. Defendants shall serve, without objection, their answers and responses to Plaintiff's First Set of Interrogatories and First Requests for Production of Documents within thirty (30) days of the date of this Memorandum and Order.

### III.    Production of Documents as They Are Kept in the Usual Course of Business

As the Court deems all of Defendants' untimely objections to Plaintiff's First Set of Interrogatories and Requests for Production as waived, the Court need not address the parties' arguments with respect to Defendants' objections to Plaintiff's contention interrogatories. The final issue remaining is Plaintiff's request that Defendants be ordered to organize and label responsive documents by category of request, and specify which documents contain answers to interrogatories. Plaintiff argues that Defendants fail to provide any information to establish that the documents, which are currently maintained in boxes in a warehouse, were produced as the documents as they were "kept in the usual course of business" under Fed. R. Civ. P. 34(b). It argues that Defendants' assertions that they have not deliberately mixed any the responsive documents, and that storage of documents in a warehouse is in the "usual course of business" for a company that has gone out of business, is not sufficient to meet their burden. It requests that the Court order Defendants to organize and label the documents to correspond to the categories of the requests, as required by Rule 34(b).

Defendants argue that they are producing documents now stored in a warehouse "as they are kept in the usual course of business" under Fed. R. Civ. P. 34(b)(2)(E)(i) because the action of boxing up documents and storing them in a warehouse is within the usual course of business of a company that is no longer in business.  After Defendants went out of business, they shortly thereafter boxed up materials and stored them in a warehouse.  Defendants state that they did not do this to deliberately mix up documents to obscure significance.  They further state that these documents, while now in boxes in storage, are maintained and labeled as they were in the business office.  Finally, they indicate that they will provide Plaintiff with all indexes in their possession to assist in Plaintiff's review of the documents.

Federal Rule of Civil Procedure 34(b)(2)(E) sets out the procedures for producing documents or electronically stored information.  It provides that "[a] party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request."[13]  This provision was added by the 1980 amendments because of a concern that litigants were deliberately mixing critical documents with masses of other documents to hide their existence or obscure their significance.[14]

As this Court has previously recognized, however, Rule 34 does not explain what it means to produce documents "as they are kept in the usual course of business."[15]  In *Cardenas v. Dorel Juvenile Group, Inc.*, the Court held that "a party who chooses the Rule 34(b) option to produce documents as they are kept in the ordinary course of business bears the burden of

---

[13]Fed. R. Civ. P. 34(b)(2)(E)(i).

[14]*See* Fed. R. Civ. P. 34(b) advisory committee's note (1980 Am.).

[15]*Johnson v. Kraft Foods N. Am., Inc.,* 236 F.R.D. 535, 540 (D. Kan. 2006); *Cardenas v. Dorel Juvenile Grp., Inc.*, 230 F.R.D. 611, 618 (D. Kan. 2005).

showing that the documents were in fact produced in that manner."[16]  The producing party's *bare* assertion that the documents are produced as they are kept in the usual course of business is not sufficient to carry that burden.[17]

At issue in this motion is whether Defendants' production of documents as they are stored in boxes in a warehouse after the business ceased operations constitutes producing them as "they are kept in the usual course of business" under Rule 34(b).  The Northern District of Illinois addressed this issue in the case *In re Sulfuric Acid Antitrust Litigation*.[18]  The court found that defendant's corporate documents, which had been sent to a storage facility in no particular order, were not kept in the "usual course of business" under Rule 34(b).  It rejected the argument that production of boxes of records of a business, whose relevant activities had ceased years earlier and which had been stored since then in no particular order, constituted production of documents "as they are kept in the usual course of business."  The court rationalized:

> A business has an obvious incentive to keep needed documents in a way that maximizes their usefulness in the day-to-day operations of the business. That incentive, which is inconsistent with document tampering, vanishes once documents not used with regularity are sent to a storage facility, for then it is no longer essential that they be kept with any degree of organization.[19]

The *Sulfuric Acid* court concluded that documents in storage are longer kept in the "usual course of business," instead they are kept in the usual course of "storage," and the option granted by the first clause of Rule 34(b) of producing them as "they are kept in the usual course of business" no

---

[16]*Cardenas*, 230 F.R.D. at 618.

[17]*Id.* (emphasis added.)

[18]231 F.R.D. 351, 362 (N.D. Ill. 2005).

[19]*Id.* at 363.

longer exists.[20] The court ordered the defendants to organize and label the documents to correspond with the document requests. But it recognized that under certain circumstances the production of documents as they were kept in storage could be proper under the "usual course of business" prong of Rule 34(b).[21] The producing party would have to demonstrate that the way in which the documents are kept in storage has not changed from how they were kept in the usual course of business.[22] It could make that showing by offering the testimony of a person with knowledge of how the records were originally kept and how they are kept in while in storage.[23]

The Court agrees with the cases following *Sulfuric Acid* that treat documents produced from storage facilities with caution based upon the rationale that once documents no longer used with regularity are sent to a storage facility, then it is no longer essential that they be kept with any degree of organization.[24] Like these courts, the Court here will require Defendants, who are attempting to produce documents as they are kept in the usual course of business under Rule 34(b)(2)(E)(i), to make a showing that the manner in which the stored documents are being kept

---

[20]*Id.*

[21]*Id.*

[22]*Id.*

[23]*Id.*

[24]*See Mizner Grand Condo. Ass'n, Inc. v. Travelers Prop. Cas. Co. of Am.,* 270 F.R.D. 698, 701 (S.D. Fla. 2010) (producing party made no meaningful attempt to show that its production of stored documents satisfied the business records option in Rule 34(b)(2)(E)); *American Int'l Specialty Lines Ins. Co. v. NWI-I, Inc.*, 240 F.R.D. 401, 410-11 (N.D. Ill. 2007) (defendants made no meaningful attempt to demonstrate that the stored documents were being kept in the same manner as they were kept while in business); *Alford v. Aaron Rents, Inc.*, No. 3:08-CV-683, 2010 WL 2765260, at *24 (S.D. Ill. May 17, 2010) (recommending that if Defendant's documents were produced from a storage facility, then Defendants have a duty to organize and label them).

at the storage facility has not changed from how the documents were kept in the usual course of Defendants' business while in operation.

Defendants have provided no evidence as to how the documents were kept in the usual course of business while the business was operational. They have made no meaningful attempt to demonstrate that the documents currently stored in the warehouse are being kept in the same manner as they were kept before the business ceased operations. Defendants' bare, unsupported statement that the boxed-up documents are stored and labeled as they were in the business office is not a sufficient showing. Defendants cannot rely upon Rule 34(b)(2)(E)(i) to satisfy their discovery obligations by referring Plaintiff to boxes of documents now stored in a warehouse after the business ceased operations. Because Defendants did not produce the documents as they are kept in the usual course of business, they must organize and label them to correspond with the categories in each request, as required by Rule 34(b)(2)(E)(i).[25]

## IV.     Fees and Expenses Incurred in Relation to this Motion to Compel

Plaintiff did not request its expenses incurred in connection with its Motion to Compel Discovery Responses. Pursuant to Federal Rule of Civil Procedure 37(a)(5)(C), when a court grants a motion to compel, the court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." But the court must not order this payment if the opposing party's

---

[25]*See Azimi v. United Parcel Serv., Inc.*, No. 06-2114-KHV-DJW, 2007 WL 2010937, at *11 (D. Kan. July 9, 2007); *Allianz Ins. Co. v. Surface Specialties, Inc.*, No. 03-2470-CM-DJW, 2005 WL 44534, at *3 (D. Kan. Jan. 7, 2005) ("Applying this rule, the court has held that absent some indication the requested documents were produced as they are kept in the usual course of business, the party responding to the requests is required to identify the particular documents or to organize and label them to correspond to the requests.").

response or objection was substantially justified, or other circumstances make an award of expenses unjust.[26]

Although the Court is granting Plaintiff's motion, the Court finds that the arguments and positions asserted by Defendants in their opposition to the motion were substantially justified. The Court further finds that an award of expenses in this instance would be unjust.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Discovery Responses (ECF No. 32) is granted.  **Within thirty (30) days of the date of this Memorandum and Order**, Defendants shall serve, without objection, their answers and responses to Plaintiff's First Set of Interrogatories and First Requests for Production of Documents.

**IT IS FURTHER ORDERED** that Defendants shall organize and label responsive documents stored in the warehouse to correspond with the categories in each request for production, as required by Rule 34(b)(2)(E)(i).

**IT IS FURTHER ORDERED** that the parties shall bear their own fees and expenses incurred in connection with this motion to compel.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 28th day of November, 2011.

s/David J. Waxse<br>
David J. Waxse<br>
U.S. Magistrate Judge

cc:   All counsel of record

---

[26] Fed. R. Civ. P. 37(a)(5)(A)(ii)-(iii).