IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **FIFTH THIRD BANK,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | Case No. 11-2101-CM |
| ) | |
| **KCII INSURE SERVICES, LLC, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**MEMORANDUM AND ORDER**

Plaintiff Fifth Third Bank filed this action against defendants KCII Insure Services, LLC; Wade Griffith; KCII Insure Services, LLC – Unit 1; Metro One Insurance Services, LLC; and P&B Insure Services, LLC, (collectively "defendants") in the Court of Common Pleas of Hamilton County, Ohio. Defendants removed the action to the Southern District of Ohio, Western Division, and Judge Susan J. Dlott transferred the case to this court in February 2011.

In September 2011, defendants' attorney moved to withdraw. In December 2011, Judge Waxse granted the motion to withdraw and advised defendants that business entities cannot appear pro se. Judge Waxse also specifically warned the business entities that if they failed to secure counsel, they may be subject to default judgment. No new counsel has entered an appearance for defendants as of this date.

The case is now before the court on three motions: Plaintiff's Motion for Summary Judgment Against Defendants (Doc. 47); Plaintiff's Motion for Entry of Default and to Dismiss Counterclaims of Corporate Defendants (Doc. 49); and Plaintiff's Motion for Entry of Default and to Dismiss

Counterclaims of All Defendants for Failing to Comply with Order Compelling Discovery (Doc. 50). Defendants failed to timely respond to any of the motions, and on January 27, 2012, the court entered an order to show cause why all three motions should not be granted as uncontested. Defendants neglected to respond to the court's order. The court will now consider the motions on their merits, without the benefit of a response by defendants.

## **Plaintiff's Motion for Summary Judgment**

Plaintiff moves for summary judgment on its claims against defendants for breach of contract. Plaintiff alleges that defendant KC II Insure Services, LLC breached a credit agreement between the parties and that the other defendants breached personal guaranties. The contracts provide that Ohio law governs.

Under Ohio law, plaintiff must establish "the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff." *Jarupan v. Hanna*, 878 N.E.2d 66, 73 (Ohio App. 2007) (citations and internal quotation marks omitted). Plaintiff represents that defendants never responded to plaintiff's First Request for Admissions, rendering all of plaintiff's requests deemed admitted. Fed. R. Civ. P. 36(a)(3). Much of plaintiff's factual basis relies on these admitted facts. The record, however, shows that defendants filed a Notice of Service of defendants' responses to plaintiff's first set of request for admissions on June 3, 2011.

This leaves the court with plaintiff's representation that defendants failed to answer their requests, contrasted with defendants' notice of service. But defendants did not controvert plaintiff's facts by responding to plaintiff's motion for summary judgment. The court will therefore proceed to consider the facts proposed by plaintiff. In light of defendants' lack of participation in this case and the independent basis for entering default judgment against them (as explained below), this appears to be the most efficient and just manner to handle the matter. In the event that defendants did, in fact,

-2-

respond to plaintiff's First Request for Admissions, and in the event that defendants believe their responses might provide a defense to plaintiff's summary judgment motion, defendants may seek to set aside this order.

With that background, the court looks at the facts of the case, as uncontroverted by defendants: On September 15, 2009, defendant KC II Insure Services, LLC and plaintiff entered into a Credit Agreement. Under this agreement, plaintiff loaned defendant KC II Insure Services, LLC $2,100,000. These two parties also entered into a Security Agreement. The other defendants each signed a Continuing Guaranty dated October 29, 2009. In the Continuing Guaranties, these defendants guaranteed that "the Obligations . . . of the Borrower will be paid when due, whether by acceleration or otherwise."

Defendant KC II Insure Services, LLC failed to make all of the required payments and keep a minimum loan balance in its account. The other defendants have failed to comply with their obligations under the Continuing Guaranties. On July 22, 2010; September 2, 2010; and September 20, 2010, plaintiff gave defendant KC II Insure Services, LLC notice of its default. As of September 20, 2010, the unpaid principle, interest, and fees totaled $2,027,528.30. Defendants now jointly and severally owe plaintiff $2,037,528.30 plus accrued interest and attorney's fees. Plaintiff has performed its duties under the agreements.

These facts demonstrate that plaintiff is entitled to judgment as a matter of law on its breach of contract claims. Within seven days of the date of this order, plaintiff should submit a final calculation of damages, including interest to date. The court will enter judgment in that amount. Plaintiff may seek attorney's fees, costs, and expenses, by separate motion.

**Plaintiff's Motion for Entry of Default and to Dismiss Counterclaims of All Defendants for Failing to Comply with Order Compelling Discovery (Doc. 50)**

The court next turns to plaintiff's motion for default and to dismiss defendants' counterclaims for failing to comply with a discovery order.

Rule 37 gives the court a broad choice of remedies and penalties through which it may compel compliance with federal discovery procedures.  Among other remedies, the court may dismiss some or all of the party's claims.  *See* Fed. R. Civ. P. 37(b)(2)(A)(v); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980).  It also may enter default judgment against a party.  *See* Fed. R. Civ. P. 37(b)(2)(A)(vi).[1]  Such sanctions are also authorized based on this court's inherent authority "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases."  *Chambers*, 501 U.S. at 43 (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962)).  When considering dismissal or default judgment as a sanction, this court evaluates the following factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) (citation omitted) (considering factors for dismissal); *see also Ehrenhaus v. Reynolds*, 965 F.2d 916, 920–21 (10th Cir. 1992) (affirming a district court's imposition of an order dismissing the plaintiff's complaint with prejudice as a sanction under Rule 37).  The court may dismiss a case if these factors outweigh the court's preference to resolve cases on their merits.  *Nelson v. Herff Jones*, No. 07-2170-JPO, 2008 WL 427549, at *3 (D. Kan. Feb. 13, 2008).  The sanction of dismissal is "appropriate only in cases of willful misconduct."  *Ehrenhaus*,

---

[1] The court notes that defendants only seek an entry of default in their motions.  An entry of default by the clerk is ordinarily a preliminary step to the court's entry of default judgment.  Here, however, the preliminary step is unnecessary.  Default judgment as a sanction under Rule 37 is warranted, even without at Rule 55(a) entry of default.

965 F.2d at 920.  The party seeking sanctions, however, need not show wrongful intent.  *EBI Sec. Corp. v. Net Command Tech, Inc.*, 85 F. App'x 105, 108 (10th Cir. 2003) (citations omitted).

Defendants failed to respond to plaintiff's discovery requests, even after being compelled by the court to do so.  That this was an intentional choice by defendants is clear: The court granted plaintiff's motion to compel before allowing defense counsel to withdraw.  Since that time, defendants have failed to secure other counsel or otherwise participate in this case.  All documents have been mailed to defendants individually.  The court determines that defendants have made an intentional choice not to participate—perhaps not in bad faith, but a conscious choice nonetheless.

Plaintiff has suffered prejudice because it has been unable to evaluate the basis for defendants' counterclaims and defenses.  It has been unable to conduct further discovery without the responsive documents.  Further, this case has been unable to progress because defendants have not complied with the court's order.  While the court did not specifically warn defendants that failure to comply with discovery requirements could result in dismissal of their counterclaims, the court did warn them that if they failed to retain new counsel, they could be subject to default judgment.  (Doc. 45.)  And the court warned defendants again on January 27, 2012, that if they failed to respond to plaintiff's motion for summary judgment and motions for default/to dismiss, the court would consider the motions without the benefit of a response. (Doc. 51.)  Finally, it does not appear that lesser sanctions would be effective.  Defendants have been given several opportunities to participate meaningfully in this case.  Their response to plaintiff's motion to compel indicates that they are no longer in business.  The court does not believe that it would be productive or effective to sanction them in another manner.  Defendants have made no recent effort to pursue their counterclaims, and those counterclaims are dismissed for failure to comply with discovery.  Moreover, if the court had not independently granted

summary judgment for plaintiff, the court would be justified in entering default judgment for the same reasons.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Summary Judgment Against Defendants (Doc. 47) is granted. Within seven days of the date of this order, plaintiff should submit a final calculation of damages, including interest to date. The court will enter judgment in that amount.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Entry of Default and to Dismiss Counterclaims of All Defendants for Failing to Comply with Order Compelling Discovery (Doc. 50) is granted.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Entry of Default and to Dismiss Counterclaims of Corporate Defendants (Doc. 49) is denied as moot.

Dated this 5th day of March, 2012, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**